**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| **BENNELL ROBINSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:08 CV 22 LMB |
| ) | |
| **DRUG ENFORCEMENT** ) | |
| **ADMINISTRATION, et al.,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Presently pending before the court is Defendants' Motion for Reconsideration of this Court's Order Granting Plaintiff's Motion to Set Aside Declaration of Forfeiture. (Document Number 24). Plaintiff has filed a Response. (Doc. No. 26). Also pending is defendants' Motion for a Stay of the Case Management Order Scheduling Plan or in the Alternative Motion to Extend and Reset the Scheduling Plan Deadline Dates. (Doc. No. 27).

On February 17, 2009, the court granted plaintiff's Motion to Set Aside Declaration of Forfeiture, finding that the DEA failed to take reasonable steps to provide plaintiff with notice of the seizure of his property.

Although the Federal Rules of Civil Procedure do not mention motions to reconsider, the Eighth Circuit Court of Appeals has held that when the motion is made in response to a final order, which is the case here, Rule 59(e) applies. See Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000); Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). A motion to alter or

1

amend the judgment under Rule 59(e) must be served no later than ten days after the entry of "the judgment." Fed.R.Civ.P 59(e). District courts enjoy broad discretion in ruling on such motions. See Concordia College Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir. 1993). A Rule 59(e) motion cannot be used "to introduce new evidence that could have been adduced during pendency of the...motion...Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time." Id. See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) ("Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'").

Defendants' Motion for Reconsideration merely sets forth arguments similar to those made in its Response to plaintiff's Motion to Set Aside Declaration of Forfeiture. Although the present motion is undoubtedly more thorough and cites to more relevant case law, it is clear that defendants are doing nothing more than rehashing the same arguments that were previously presented to and rejected by this court. Defendants argue that the court erred in applying Jones v. Flowers, 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006), retroactively to defendants' administrative forfeiture on February 16, 2005, to find that defendants failed to take reasonable steps to provide plaintiff notice. Defendants also contend that the court failed to consider all of the facts in support of defendants' claim that it took all reasonable steps required by law to provide plaintiff with notice.

Defendants' argument that the court erred in applying Jones retroactively lacks merit. First, as defendants point out, the Supreme Court in Jones did not create a new rule contrary to

Dusenbery v. United States, 534 U.S. 161, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002), or Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).  See Jones, 547 U.S. at 238, 126 S.Ct. 1720.  Rather, the Court merely applied the well-established principles of constitutionally adequate notice set forth in Dusenbery and Mullane.  In Mullane, the Supreme Court stated that the government fulfils its obligation to make a good faith attempt to inform interested parties as long as "[t]he means employed [are]...such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."  339 U.S. at 315, 70 S.Ct. 652. In Jones, the Court held that the Arkansas Commissioner of State Lands did not meet his good faith obligation when two certified letters sent to Mr. Jones notifying him that his failure to pay property taxes would result in a loss of his property rights were returned "unclaimed."  The Court noted that "a person who actually desired to inform a real property owner of an impending tax sale of a house he owns would [not] do nothing when a certified letter sent to the owner is returned unclaimed."  547 U.S. at 229, 126 S.Ct. 1716.

     Although the Eighth Circuit has not encountered a case with facts similar to Jones since that case was decided, many other courts of appeal have applied Jones retroactively.  See, e.g. Luessenhop v. Clinton County, 466 F.3d 259, 270 (2nd Cir. 2006) (County's effort to provide notice to Mr. Luessenhop was insufficient to satisfy due process when notice of foreclosure sent via certified mail was returned as "unclaimed," and County took no further action other than posting the notice in a newspaper); Perez-Alevante v. Gonzales, 197 Fed. Appx. 191, 196 (3rd Cir. 2006) (notice inadequate in immigration case when Board of Immigration Appeals failed to give notice to the alien's lawyer when contact information was readily available); Yi Tu v.

National Transportation Safety Board, 470 F.3d 941, 946 (9th Cir. 2006) (notice provided by FAA to pilot inadequate when two letters notifying him of suppression of his pilot's license sent by certified mail were returned unclaimed). These cases also demonstrate that Jones has been applied to contexts other than a real property tax sale. Thus, defendants' claim that the court erred in applying Jones retroactively lacks merit.

Defendants point out that in Madewell v. Downs, 68 F.3d 1030, 1047 (8th Cir. 1995), a case with facts similar to the instant case, the Eighth Circuit found that the DEA provided adequate notice of the administrative forfeiture of seized property by sending notice to the plaintiff's last known address by certified mail and publishing notice in *U.S.A. Today* after the notice was returned. See id. The Eighth Circuit has not, however, had occasion to consider a case with similar facts since Jones. This court did not err in applying relevant recent Supreme Court authority in the instant case. Defendants also note that the Northern District of Indiana found that the FBI's efforts satisfied the requirements set forth in Jones under facts similar to the instant case in Turner v. Attorney General of the United States, 579 F. Supp.2d 1097 (N.D. Ind. 2008). The presence of conflicting authority in other districts regarding the applicability of Jones does not warrant the court reconsidering its decision under Rule 59(e).

Defendants also contend that the court failed to consider and apply all of the facts in support of defendants' claim that it took all reasonable steps required by law to provide plaintiff with notice. Even if the court did not cite every fact provided in this matter, the court was aware of the relevant facts, including the Declaration of Terence J. King and Defendants' Exhibits 1-5, and considered these facts in making its determination. Defendants do not cite to any particular

4

facts omitted by the court that warrant reconsideration of the court's determination.

Defendants imply that the court failed to consider whether plaintiff knew or had reason to know of the seizure within sufficient time to file a timely claim. Defendants do not, however, directly contend that plaintiff had such knowledge. The undisputed facts reveal that the currency at issue was seized on June 1, 2004, by Missouri law enforcement officials. On June 15, 2004, pursuant to a transfer order, the property was transferred to the "custody of the United States Attorney's Office, Eastern District of Missouri, Southeastern Division, Cape Girardeau, Missouri." (Pl's Ex. A). Plaintiff's attorney did not enter his appearance until after the transfer order had been entered. In October 2004, after learning of the transfer order, plaintiff's attorney contacted the agency named in the transfer order-the United States Attorney's office. The United States Attorney's Office indicated that it had no knowledge of the currency in question and did not inform plaintiff that the DEA had possession of the property. These facts support plaintiff's contention that he did not have knowledge that the DEA had possession of the currency and that he made reasonable efforts to seek information regarding the seized currency after learning that it was transferred to federal authorities.

In sum, the Court finds that defendants have failed to demonstrate that "manifest errors" exist such that altering or amending this court's February 17, 2009 Memorandum and Order would be justified under Rule 59(e). Innovative Home Health Care, Inc., 141 F.3d at 1286. Thus, defendants' Motion for Reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration of this Court's Order Granting Plaintiff's Motion to Set Aside Declaration of Forfeiture (Doc. No. 24) be and it is **denied**.

**IT IS FURTHER ORDERED** that defendants' Motion for a Stay of the Case Management Order Scheduling Plan or in the Alternative Motion to Extend and Reset the Scheduling Plan Deadline Dates (Doc. No. 27) be and it is **denied**.

Dated this __24th__ day of September, 2009.

*Lewis M. Blanton*
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE